**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| IN RE FOSAMAX (ALENDRONATE SODIUM) PRODUCTS LIABILITY LITIGATION (NO. II)<br><br>THIS OPINION RELATES TO:<br><br>*Juanita Bordelon and Kenneth Bordelon v. Merck Sharpe & Dohme Corp.*<br><br>Civil Action No. 3:12-cv-00161 | HONORABLE KAREN M. WILLIAMS<br><br>MDL No. 2243<br><br>Civil Action Nos. 08-00008 (KMW-MJS), 12-00161 (KMW-MJS)<br><br><br>**OPINION** |

**Franklin David Beahm, Esquire**
**Jacob Kenneth Best, Esquire**
Beahm & Green[1]
145 Robert E. Lee Boulevard
Suite 408
New Orleans, LA 70124

*Counsel for Plaintiffs Juanita and Kenneth Bordelon*

**Karen A. Confoy, Esquire**
Fox Rothschild LLP
997 Lenox Drive
Lawrenceville, NJ 08648

**Stephen E. Marshall, Esquire**
Venable LLP
750 E. Pratt Street
Suite 900
Baltimore, MD 21202

*Counsel for Defendant Merck Sharpe & Dohme LLC[4]*

---

[1] The Court notes that both attorneys of record for Plaintiff, as well as one of the attorneys of record for Defendant, are not admitted to practice law in New Jersey. Pursuant to Rule 2.1(c) of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation (the "Procedure of the MDL Panel"), the attorneys are permitted to represent their respective clients before this Court because this action was transferred under 28 U.S.C. § 1407, which governs multidistrict transfer and remand. The Rule does not require that the parties obtain local counsel.

[4] Due to a corporate merger, Merck Sharpe & Dohme Corp. is now known as Merck Sharpe & Dohme LLC. *See* Def.'s Br. at 1 n.1.

**WILLIAMS, District Judge:**

## I.  INTRODUCTION

This matter comes before the Court by way of a Motion for Suggestion of Remand to the U.S. District Court for the Eastern District of Louisiana filed by Plaintiffs Juanita and Kenneth Bordelon ("Plaintiffs"). Defendant Merck Sharpe & Dohme LLC ("Defendant") opposes the Motion. The Court has considered the parties' submissions without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court denies Plaintiffs' Motion.

## II.  BACKGROUND

On December 22, 2011, Plaintiffs filed their Complaint against Defendant in the U.S. District Court for the Eastern District of Louisiana, alleging state law claims in connection with Fosamax, a drug manufactured by Defendant to prevent and treat osteoporosis in postmenopausal women. *See In re Fosamax (Alendronate Sodium) Prods. Liab. Litig.*, 593 F. Supp. 3d 96, 103 (D.N.J. 2022) ("*Fosamax 2022*"). The Complaint brought the following seven claims against Defendant: (1) construction or composition defect, (2) design defect, (3) inadequate warning, (4) breach of express warranty, (5) redhibition, (6) breach of warranty of fitness for ordinary use, and (7) breach of implied warranty of merchantability and fitness. *See generally* Compl. With respect to their design defect claim, Plaintiffs alleged Fosamax violated Louisiana law because the drug "was not accompanied by adequate instructions and/or warnings to fully apprise consumers . . . of the full nature and extent of the risks and side effects associated with its use." *Id.* ¶ 88. Because Plaintiffs' Complaint arose from allegations that the use of Fosamax, or its generic equivalent, caused femur fractures or similar bone injuries, the Judicial Panel on Multidistrict Litigation (the "MDL Panel") transferred the case to the District of New Jersey for inclusion in MDL No. 2243, *In re: Fosamax (Alendronate Sodium) Prods. Liab. Litig. (No. II)* (the "MDL Action"), before the

late Honorable Joel A. Pisano, U.S.D.J.[5]  *See In re Fosamax (Alendronate Sodium) Prods. Liab. Litig. (No. II)*, No. 12-00161, ECF Nos. 7, 8.

Following a bellwether trial in one of the actions that had been consolidated as part of the MDL Action, Judge Pisano granted summary judgment in favor of Defendant, holding that federal law preempted the state law failure-to-warn claims brought by the plaintiff in that case.  *See In re Fosamax (Alendronate Sodium) Prods. Liab. Litig.*, 951 F. Supp. 2d 695, 701, 705 (D.N.J. 2013). Judge Pisano found that Defendant sought to change Fosamax's drug label by including information on femur fractures that addressed precautions of taking the drug, but that the Federal Drug Administration ("FDA") rejected that change, which constituted "clear evidence" that the FDA would not have approved a stronger warning on the label.[6]  *Id.*  On appeal, the Third Circuit vacated and remanded Judge Pisano's order, concluding that preemption presented "a question of fact for the jury," not a question of law for the judge.  *In re Fosamax (Alendronate Sodium) Prods. Liab. Litig.*, 852 F. 3d 268, 271, 293 (3d Cir. 2017).

Defendant petitioned for a writ of certiorari, which was granted by the United States Supreme Court.  In *Merck Sharp v. Dohme Corp. v. Albrecht*, the Supreme Court vacated and remanded the Third Circuit's 2017 decision, holding that the preemption inquiry is "a legal one for the judge, not a jury." 139 S. Ct. at 1676, 1679–80.  On remand, the Third Circuit returned the case to the District of New Jersey to decide "in the first instance whether the plaintiffs' state law claims are preempted by federal law under the standards described by the Supreme Court." *Fosamax 2022*, 593 F. Supp. 3d at 104.

---

[5]  The case before Judge Pisano involved more than 500 individuals who, like Plaintiffs, brought suits against Defendant alleging Fosamax caused atypical femoral fractures. *See Fosamax* 2022, 593 F. Supp. 3d at 103.

[6]  After Judge Pisano retired from the Court, the MDL Panel reassigned MDL No. 2243 to the Honorable Freda L. Wolfson, U.S.D.J.

On March 23, 2022, Judge Wolfson issued an Opinion holding that the failure-to-warn claims brought by all plaintiffs in the MDL Action were preempted by federal law. *See Fosamax 2022*, 593 F. Supp. 3d at 145. Specifically, Judge Wolfson found that Defendant had fully informed the FDA of the justifications for its proposed warning concerning atypical femoral fractures, but that the FDA would not approve that change to the Fosamax label. *See id.* at 104, 145. Judge Wolfson concluded that "[b]ecause the basis for the FDA's rejection was insufficient evidence of a causal link between Fosamax and atypical femoral fractures," the FDA "would not have approved a differently worded warning no matter how Defendant attempted to submit one." *Id.* at 145. In an accompanying Order, Judge Wolfson directed the parties to file a joint submission detailing for the Court any outstanding claims and/or issues remaining in the MDL Action. *See In re Fosamax (Alendronate Sodium) Prods. Liab. Litig.*, No. 08-08, ECF No. 4542.

In response to the March 23 Order, the parties in the MDL Action filed a joint submission proposing how the case should proceed. The proposal from all plaintiffs in the MDL Action was to prepare a separate order certifying the March 23 Opinion and Order as a final judgment. *See id.*, ECF No. 4543. Notably, the plaintiffs did not include in their proposal any claims which they thought were viable in the face of Judge Wolfson's preemption ruling. In addition to the joint proposal, Plaintiffs' co-liaison counsel[7] later submitted a letter to the Court stating that they did "not intend to proceed with the non-failure to warn claims independent of the failure to warn claims

---

[7] By way of a case management order entered in the MDL Action, it appears the law firms Carella, Byrne, Cecchi, Olstein Brody & Agnello, P.C. and Seeger Weiss, LLP were appointed as Plaintiffs' co-liaison counsel and ordered by the Court to "serve as the primary contact for communication between the Court and other plaintiffs' counsel," and satisfy other responsibilities related to the prosecution and management of the MDL Action. *See In re: Fosamax (Alendronate Sodium) Prods. Liab. Litig.*, No. 08-08, Case Management Order No. 1, ECF No. 93. The Court notes defense counsel refers to Plaintiff's co-liaison counsel as "Plaintiffs' leadership" in their briefing.

that the Court found preempted," in part, because "prosecuting the non-failure to warn claims would require segregating to a subset of the record that is simply not feasible." *Id.*, ECF No. 4546.

Following a series of letter correspondences regarding whether there were viable claims in the MDL Action in the wake of the Court's preemption ruling, Judge Wolfson entered an Order to Show Cause directing each plaintiff in the MDL Action to "identify . . . which cause(s) of action and claim(s) that are not dependent on the failure to warn claims that the Court found preempted should not be dismissed with prejudice" and show cause as to why "those claims should not be conditionally dismissed pending appeal of the Court's Opinion and Order" (the "July 11 Order"). *Id.*, ECF No. 4551.

Plaintiffs filed a response to the July 11 Order stating their design defect claim under Louisiana law was not dependent on the failure-to-warn claims, which the Court had previously found to be preempted. *Id.*, ECF No. 4553. Plaintiffs provided the legal standards for products liability, manufacturing defect, and design defect claims under Louisiana law and analysis explaining why Plaintiffs' claims met the legal standards. *Id.* Thereafter, Judge Wolfson ordered Plaintiffs to file for remand within thirty days. *Id.*, ECF No. 4558.

On December 15, 2022, Plaintiffs filed the present Motion for Suggestion of Remand to the Eastern District of Louisiana. Plaintiffs essentially argue, as they did in their response to the July 11 Order, that this case should be remanded because there are separate, unresolved Louisiana state law claims that are not dependent upon and are distinct from the MDL failure-to-warn claims in the multidistrict litigation (the "MDL"), which were previously dismissed by Judge Wolfson. *See, e.g.*, Pls.' Br. at 3. Plaintiffs' recitation of the legal standards for products liability, manufacturing defect, and design defect claims under Louisiana law and analysis explaining why Plaintiffs' claims meet those legal standards are nearly identical to the response they filed to the

July 11 Order. Defendant opposes Plaintiffs' Motion, arguing that Plaintiffs' design defect claim is dependent, in part, on their preempted failure-to-warn claims. *See* Def.'s Br. at 4. In the alternative, Defendants argue, Plaintiffs' design defect claim fails as a matter of law. *See id.* at 6.

### III.    LEGAL STANDARD

The transfer and remand of cases in multidistrict litigation is governed by 28 U.S.C. § 1407(a). Section 1407(a) provides that, following the transfer of an action involving one or more questions of fact pending in different districts for consolidated pretrial proceedings, an action may be remanded by the MDL Panel "at or before the conclusion of such pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated."

Pursuant to Rule 10.1(b) of the Procedure of the MDL Panel, the MDL Panel may consider remanding an action or separable claim that is transferred for consolidated pretrial proceedings under the following circumstances:

(i)     the transferee court's suggestion of remand[9];

(ii)    the Panel's own initiative by entry of an order to show cause, a conditional remand order or other appropriate order; or

(iii)   on motion of any party.

Under 28 U.S.C. 1407(a), authority to remand a matter back to a transferor court[10] lies solely with the Panel; though, "[t]he Panel is reluctant to order a remand absent the suggestion of the transferee judge." Rule 10.3(a) of the Procedure of the MDL Panel.

---

[9] Rule 1.1(i) of the Procedure of the MDL Panel defines "transferee district" as the "federal district court to which the [MDL Panel] transfers an action pursuant to Section 1407, for inclusion in an MDL." For purposes of consistency, this Opinion refers to the transferee district as the "transferee court."

[10] Rule 1.1(j) of the Procedure of the MDL Panel defines "transferor district" as the "federal district court where an action was pending prior to its transfer pursuant to Section 1407, for inclusion in an MDL, and where the Panel may

Once a case has been transferred into an MDL, "a party seeking remand to the transferor court has the burden of establishing that such remand is warranted." *Hamer v. LivaNova Deutschland GmbH*, 994 F.3d 173, 180 (3d Cir. 2021) (quoting *In re Integrated Res., Inc. Real Est. Ltd. P'ship Sec. Litig.*, 851 F. Supp. 556, 562 (S.D.N.Y. 1994)). Significantly, the transferee court may not issue a remand directly, but rather a suggestion to the MDL Panel as to whether a case should be remanded. *See id.* at 181. Though a transferee court's suggestion is afforded "great weight," the MDL Panel will only remand upon a showing of good cause. *See id.*

"When considering whether to remand a matter back to the transferor court, the transferee [court] is guided by the same standards employed by the [MDL] Panel." *In re Ins. Brokerage Antitrust Litig.*, Nos. 04-5184, 06-5121, 2009 WL 4796662, at *2 (D.N.J. Dec. 9, 2009). A decision to remand turns on the question of "whether the case will benefit from further coordinated proceedings as part of the MDL." *Hamer*, 994 F.3d at 181. Remand is appropriate before pretrial proceedings have concluded "when the transferee court has determined that its 'role in the case has ended'" and "everything that remains to be done is case-specific." *Id.* (first quoting *In re Integrated Res.*, 851 F. Supp. at 562; then quoting *In re Air Crash Disaster at Tenerife*, 461 F. Supp. 671, 672 (J.P.M.L. 1978)).

## IV.    DISCUSSION

The Court is not persuaded that this case warrants a suggestion of remand contemplated by Section 1407(a) and the Rules of the Procedure of the MDL Panel. The July 11 Order required Plaintiffs to identify the causes of action and claims that were not dependent on the failure-to-warn claims that Judge Wolfson held as preempted, as well as show cause as to why those claims should

---

remand that action at or before the conclusion of pretrial proceedings." For purposes of consistency, this opinion refers to the transferor district as the "transferor court."

not be conditionally dismissed pending an appeal of the March 23 Opinion and Order. In their Motion, Plaintiffs miss the mark on what was required of them by the July 11 Order. Plaintiffs neither expressly articulate the causes of action or claims not dependent on the preempted failure-to-warn claims. Nor do they show cause as to why those claims should not be conditionally dismissed. Plaintiffs do not cite to any law on federal preemption or attempt to differentiate their design defect claims from the claims Judge Wolfson held as preempted under federal law. Instead, Plaintiffs outline the Louisiana legal standards for products liability, manufacturing defect, and design defect claims, and argue why Plaintiffs' claims meet the legal standards. Notably, as this Court previously pointed out, Plaintiffs' arguments here are nearly identical to the initial response they filed to the July 11 Order. Plaintiffs assert that remand will promote the just and efficient conduct of the litigation in resolving their Louisiana state law claims, but do not present any support to justify why their failure-to-warn claims will promote the just and efficient conduct of the litigation. Accordingly, Plaintiffs have not met their burden in establishing that a remand is warranted in this case.

Notably, as Defendant points out, Plaintiffs' co-liaison counsel responded to the March 23 Order by letter stating that "prosecuting the non-failure to warn claims would require segregating [ ] a subset of the record that is simply not feasible," that "proceeding on the non-failure to warn claims independently is unlikely to change the parties' views on the merits of the global litigation," and "moving ahead with the non-failure to warn claims would delay an appeal of the preemption decision for many months or years in this now 14-year-old litigation." Defendant also points out that three other Louisiana plaintiffs in this MDL Action who asserted state law design defect claims in their complaints, and who are also subject to the July 11 Order, do not contest that conditional dismissal is appropriate. *See Elaine Murphy v. Merck Sharp & Dohme Corp.*, No. 12-00376

(D.N.J.), Compl.; *Josephine Naccio v. Merck Sharpe & Dohme Corp.*, No 11-04055 (D.N.J.), Compl.; *Charlotte Odom v. Merck & Co., Inc.*, No. 16-00696 (D.N.J.), Compl.; *see also In re Fosamax (Alendronate Sodium) Prods. Liab. Litig. (No. II)*, No. 08-08, ECF No. 4554. Tellingly, Plaintiffs do not address Defendant's points in either their moving or reply briefs. Additionally, although not dispositive, it is unclear to the Court why Plaintiffs' design defect claims should be remanded while other Plaintiffs in this MDL Action—who likewise assert design defect claims under Louisiana law—seem to agree that conditional dismissal is appropriate pending appeal of the March 23 Opinion and Order.

## V.     CONCLUSION

For the reasons expressed above, the Motion for Suggestion of Remand is **DENIED**. An accompanying Order shall issue.

Date: July 27, 2023

KAREN M. WILLIAMS
U.S. DISTRICT COURT JUDGE

9